```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

NICOLE D. RANEY, on behalf         §
of herself and all others          §
similarly situated,                §
                                   §
            Plaintiffs,            §
                                   §
v.                                 §      CIVIL ACTION NO. H-05-0410
                                   §
YOUNG & BROOKS, J. RON YOUNG,      §
and MARK W. BROOKS,                §
                                   §
            Defendants.            §

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Rule 12(b)(1) Motion to Dismiss (Docket Entry No. 7). For the reasons set forth below, the motion will be denied.

### I. Background

Plaintiff, Nicole D. Raney, brings this action against defendants for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. Specifically, plaintiff claims that she and other employees similarly situated did not receive overtime compensation owed them. Defendants are a Houston law firm and two of its three attorneys. Plaintiff Raney was a receptionist for the law firm for several months in 2004.

After this suit was filed on February 8, 2005, defendants calculated that they would owe plaintiff a maximum of $335.60 in back overtime pay and $363.40 in liquidated damages (for a total of $699) were she to prevail at trial. In a letter dated February 24, 2005, counsel for defendants explained to plaintiff's counsel that $699 "represents the maximum amount Plaintiff could recover at trial" and that "[w]ithout admitting any liability on its part, Young & Brooks has concluded that $699.00 is a sum that is not worth litigating."[1] Defendants' counsel enclosed two checks to cover the back pay and liquidated damages and stated that Young & Brooks believed that the tender mooted the case.[2] Plaintiff rejected the $699 in a February 28, 2005, fax that showed the letter and two checks each bearing a large "No" across its face.[3]

Defendants filed their motion to dismiss on February 25, 2005, arguing that their settlement offer rendered plaintiff's claim moot

---

[1] Feb. 24, 2005, letter from Allison V. Eberhart to James A. Jones, attached to Defendants' Rule 12(b)(1) Motion to Dismiss, Docket Entry No. 7.

[2] Id.; see also Affidavit of Christine M. Diaz, at ¶ 3, attached to Defendants' Rule 12(b)(1) Motion to Dismiss, Docket Entry No. 7.

[3] Feb. 28, 2005, fax from James A. Jones to Allison V. Eberhart, Exhibit A, attached to Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Rule 12(b)(1) Motion to Dismiss, Docket Entry No. 10.

and thus deprived this court of subject matter jurisdiction.[4]

## II. Standard of Review

The same standard of review applies to motions to dismiss under Rule 12(b)(1) and motions urged pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.  See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003).  A claim may not be dismissed for lack of subject matter jurisdiction unless it appears certain that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.  See Bombardier Aerospace Employee Welfare Benefits Plan, 354 F.3d at 351; Home Builders Ass'n v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998).  A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it.  Home Builders Ass'n, 143 F.3d at 1010.

A court may find lack of subject matter jurisdiction based on (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); Clark v. Tarrant County, Texas, 798 F.2d 736, 741 (5th

---

[4]Defendants' Rule 12(b)(1) Motion to Dismiss, Docket Entry No. 7.

Cir. 1986). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists. <u>Ramming</u>, 281 F.3d at 161. However, a court must take all facts as true and resolve all inferences and doubts in the plaintiff's favor. <u>In re Supreme Beef Processors, Inc.</u>, 391 F.3d 629, 633 (5th Cir. 2004).

### III. <u>Analysis</u>

Defendants argue that their offer of $699 for unpaid overtime compensation and liquidated damages moots this action. They argue that this sum "represent[s] all of the relief (and then some) to which Raney would be entitled," and defendants' willingness to pay it thus makes plaintiff "whole" and eliminates any live case or controversy.[5] Plaintiff responds that the offer does not fully satisfy her claims.[6]

Defendants' settlement offer does not include costs or attorneys' fees. The Fair Labor Standards Act provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In FLSA

---

[5]<u>Id.</u> at 6.

[6]Plaintiffs' Response in Opposition to Defendants' Rule 12(b)(1) Motion to Dismiss and Brief in Support, Docket Entry No. 9, pp. 5-12.

cases cited by defendants in support of their mootness argument,[7] the defendant accounted for this fees and costs provision.  In Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240 (11th Cir. 2003), for example, the settlement that mooted the named plaintiff's personal claims in a FLSA collective action included compensation for unpaid wages and overtime pay, liquidated damages, and costs and attorneys' fees.  Id. at 1244.  Similarly, in Mackenzie v. Kindred Hospitals E., L.L.C., 276 F.Supp.2d 1211 (M.D. Fla. 2003), the defendant offered to pay the plaintiff the unpaid overtime wages he sought, "plus a reasonable attorney's fee and costs."  Id. at 1218-19.  The plaintiff did not argue he could obtain any additional relief under the FLSA.  Id. at 1218.

Although defendants cite and rely upon these cases, defendants do not acknowledge that their offer to plaintiff is not comparable to the mootness-inducing offers of Cameron-Grant and Mackenzie, which included fees and costs.[8]  Instead, defendants argue that their voluntary offer of full back pay and liquidated damages means that plaintiff could never recover attorney's fees as a "prevailing

---

[7]See Defendants' Rule 12(b)(1) Motion to Dismiss, Docket Entry No. 7, pp. 5-6.

[8]See Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Rule 12(b)(1) Motion to Dismiss, Docket Entry No. 10, pp. 8-9; Plaintiffs' Response in Opposition to Defendants' Rule 12(b)(1) Motion to Dismiss and Brief in Support, Docket Entry No. 9, pp. 8-10.

party" -- and thus that an offer that did not include them was therefore an offer of full relief.[9]

Defendants cite Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 121 S. Ct. 1835 (2001), a case in which the Supreme Court held that the "catalyst theory" is not a permissible basis for the award of attorney's fees under the Fair Housing Amendments Act ("FHAA") and the Americans with Disabilities Act ("ADA").  Id. at 1843.  The plaintiffs in Buckhannon sued to enjoin application of a West Virginia law as violative of the federal FHAA and ADA, but the case became moot when the state legislature eliminated the law.  Id. at 1838.  The Court rejected the plaintiffs' argument that the lawsuit caused a voluntary change in the defendant's conduct that entitled them to attorney's fees as prevailing parties under the federal statutes. Id.  The Court held that in order to recover under the fee-shifting provisions of those statutes, the plaintiffs not only had to get to the "'sought-after destination'" but had to get there by obtaining judicial relief, such as a judgment on the merits or a settlement agreement enforced through a consent decree.  Id. at 1840-41.

The court is not persuaded that Buckhannon applies to the

---

[9]See Defendants' Rule 12(b)(1) Motion to Dismiss, Docket Entry No. 7, pp. 7-9.

facts of this case. The Buckhannon plaintiffs sought only declaratory and injunctive relief. The West Virginia legislature's elimination of the law made further action by the district court not only unnecessary but impossible. But in the present case, where plaintiff seeks injunctive and collective relief in addition to compensation for unpaid wages, defendants' offer does not moot plaintiff's requests for relief.

The Supreme Court itself suggested in Buckhannon that its holding would be confined to cases where only injunctive or declaratory relief was sought. In response to the concern that rejecting the catalyst theory would permit defendants unilaterally to moot an action before judgment in order to avoid an award of attorney's fees, the Court stated that "fear of mischievous defendants only materializes in claims for equitable relief, for so long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case."[10] Id. at

---

[10]Plaintiff raises the related concern that applying Buckhannon to allow a defendant to moot an action without providing for fees and costs would undermine the FLSA:

> Taken to its logical conclusion, Defendants' argument would mean that in an FLSA case where the plaintiffs have worked four years on the case, and amassed enormous costs and legal fees, the defendant could force settlement on the plaintiffs at the brink of trial by unilaterally offering to pay only the plaintiffs' unpaid overtime damages and liquidated damages, ignoring plaintiffs claims of attorneys fees

-7-

1842.  Even with respect to equitable actions it was unclear how often courts would find cases mooted, and the Court thus saw in all cases a "strong incentive" for a defendant "to enter a settlement agreement, where it can negotiate attorney's fees and costs."  See id. at 1842-43.  In view of these distinctions and the apparently self-limiting nature of the Buckhannon holding, the court declines defendants' invitation to use Buckhannon as a basis for concluding that their offer provides full relief to plaintiff.

## IV.  Conclusion and Order

For the reasons discussed above, the court is not persuaded that defendants' offer of $699 moots this case.  Defendants' Rule 12(b)(1) Motion to Dismiss (Docket Entry No. 7) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this 26th day of April, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

and costs.

Plaintiffs' Response in Opposition to Defendants' Rule 12(b)(1) Motion to Dismiss and Brief in Support, Docket Entry No. 9, p. 13.